IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TONI SI, | NO. C 04-03823 JW |
| Petitioner, | **ORDER DENYING PETITIONER'S § 2255 MOTION** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner Tony Si ("Petitioner") was convicted of conspiracy to commit a robbery that affects interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and use of a fire-arm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner is currently serving a 138-month sentence.

Petitioner moves to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner sets forth seven grounds for relief which may be summarized as follows: 1) translator issues, 2) ineffective assistance of counsel issues, and 3) sentencing guidelines issues. Petitioner's first ground for relief is that the conviction was obtained and sentence rendered in violation of the U.S. Constitution and the dictates of Blakely v. Washington, 124 S. Ct. 2531 (2004), in that he was sentenced under an unconstitutional, determinate sentencing scheme, the Federal Sentencing Guidelines ("Guidelines"). Petitioner's second ground for relief is that his Sixth Amendment rights as defined by the Blakely ruling were violated in that this Court used a preponderance of the evidence factual determination (leader and amount of intended loss enhancements) that resulted in a significantly increased sentence. In his third ground for relief, Petitioner contends this Court violated the Court

1  Interpreters Act, and violated his Fifth and Sixth Amendment rights to counsel, to confrontation, to

2  present evidence and to testify in his own defense, as well as his right to due process.  Petitioner's

3  fourth ground for relief is that his constitutional right to testify in his own defense was violated in that

4  the Court failed to appoint a Chinese translator for him specifically during his trial testimony.

5  Petitioner's fifth ground for relief is that his Sixth Amendment right to counsel was violated when

6  counsel waived his right to an interpreter for all stages of proceedings and had him testify in English.

7  Petitioner's sixth ground for relief is that counsel's failure to object to sentence enhancements for the

8  amount of intended loss calculation on the basis of "sentence entrapment" constituted ineffective

9  assistance of counsel in violation of the Sixth Amendment.

10  Petitioner filed this motion on September 10, 2004 ("Petitioner's Memorandum").  The

11  government requested additional time to respond, as Petitioner raised Blakely issues and the parties

12  expected to receive guidance from the United States Supreme Court on this matter in its forthcoming

13  Booker opinion, United States v. Booker, 125 S.Ct. 738 (2005).  This Court granted the government's

14  request.  The Supreme Court issued its Booker opinion on January 12, 2005.  The government filed its

15  response on February 14, 2005 ("Opposition").  Plaintiff filed his reply on March 11, 2005

16  ("Petitioner's Reply").  That same day Petitioner requested leave to amend his motion claiming that the

17  sentence imposed by this Court is invalid as a result of Booker. This Court granted Petitioner's

18  request.   Petitioner has asserted that the Court utilized a determinate sentencing scheme that increased

19  his sentence because of judicial fact finding and that the Court applied the Guidelines in a mandatory

20  fashion.

21  On May 23, 2005, Petitioner filed a supplemental reply brief in which he requested the Court

22  refrain from ruling on the Sentencing Guidelines issue pending the Ninth Circuit's anticipated ruling in

23  United States v. Ameline interpreting the Supreme Court's ruling in Booker.  The Ninth Circuit issued

24  its decision in United States v. Ameline 409 F.3d 1073 (9th Cir 2005) on June 1, 2005.[1]

---

[1] Subsequent to Ameline, *supra* the Ninth Circuit has further addressed Sentencing Guidelines issues in  United States v. Dupas 2005 U.S. App. LEXIS 15938 (9th Cir. 2005) filed August 3, 2005, United States v. Mayfield 2005 U.S. App. LEXIS 16710 (9th Cir. 2005) filed August 10, 2005 and

2

Based on all papers filed to date, the Petitioner's 28 U.S.C. § 2255 motion is DENIED.

## II. BACKGROUND

On March 3, 1999, Petitioner and five co-defendants were charged in a two-count indictment for 1) conspiracy to commit robbery that affects interstate commerce, and 2) use of a firearm in furtherance of a crime of violence. Petitioner was initially represented by Jennifer Grannick from July 2000 to December 2000. (Petitioner's Exhibit 12.) The five co-defendants pleaded guilty, leaving Petitioner as the only remaining defendant. During his trial, Petitioner was represented by Peter Robinson, a private criminal defense lawyer. (Petitioner's Exhibit 13.) On April 20, 2000, a jury convicted Petitioner of both counts.[2]

The Presentence Report (PSR) recommended a four-level increase in Petitioner's base offense level based upon a finding that he was a leader/organizer of the conspiracy. (Petitioner's Memorandum at 6:20-23.) The PSR also recommended a second four-level increase based upon a finding that the amount of intended loss was $800,000. (Petitioner's Memorandum at 6:23-25.) On February 12, 2001, this Court sentenced Petitioner to 78 months on Count 1 and a consecutive term of 60 months on Count 2.

Petitioner appealed his conviction and argued that his statutory and constitutional rights to an interpreter were violated. United States v. Si, 333 F.3d 1041, 1042 (9th Cir. 2003). On June 24, 2003, the Ninth Circuit issued an order remanding the matter to this District Court to determine, "(1) whether [Petitioner's] language abilities inhibited his comprehension of the proceedings or his ability to communicate with counsel and the court and if so, (2) whether [Petitioner] waived his right to an interpreter by not taking advantage of any interpreter that may have been available during [Petitioner's] trial." Id. at 1045.

On August 4, 2003, this Court issued an order determining that: (1) Petitioner's language

---

United States v. Cruz, 2005 U.S. App. LEXIS 19901 (9th Cir. 2005) filed September 16, 2005.

[2] The facts of the underlying criminal action are set forth in greater detail in United States v. Si, 343 F.3d 1116 (9th Cir. 2003).

3

abilities did not inhibit his comprehension of the proceedings or his ability to communicate with the court, and, (2) even assuming a language barrier, Petitioner waived his right to an interpreter by not taking advantage of either of two interpreter's services during trial.  Order, United States v. Si, No. CR-99-20034JW, filed Aug. 4, 2003.

Petitioner "neither made any objections to these findings before the district court nor submitted any objections" to the Ninth Circuit Court of Appeals.  United States v. Si, 343 F.3d 1116, 1121 (9th Cir. 2003).   On September 12, 2003, the Ninth Circuit issued a final ruling denying all of Petitioner's claims and affirming the Court's sentence.  Id.   Petitioner had 90 days in which to file a petition for writ of certiorari to the United States Supreme Court.  Petitioner failed to do so, and judgment became final on December 12, 2003.

Petitioner now contends that the sentence imposed by this Court is unconstitutional under both Blakely and Booker because the Court impermissibly enhanced his sentence by finding facts not specifically charged in the indictment or admitted by him.  Petitioner also contends that absence of a court appointed interpreter to translate for him throughout the trial violated several of his constitutional rights.  Finally, Petitioner argues that various actions and omissions by his trial and sentencing counsel constitute ineffective assistance of counsel.

The government argues that Petitioner's claims must fail because: 1) the interpreter arguments have already been considered and rejected, 2) the actions of Petitioner's sentencing counsel did not prejudice the outcome, and 3) neither Blakely nor Booker is retroactive.

**III. STANDARDS**

A prisoner in custody under the sentence of a federal court who claims the right to be released may move the court to vacate, set aside, or correct the sentence on the grounds that, (1) the sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.  28 U.S.C. § 2255.

A defendant may raise an issue for the first time in a § 2255 motion "if [he] show[s] both cause

4

for [cousel's] failure to make the objection earlier and prejudice from that failure." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996). Motions under § 2255, however are not available to correct errors that should have been addressed on a direct appeal. Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970).

## IV. DISCUSSION

### A. Translator Related Issues

Petitioner's third and fourth grounds for relief relate to what he claims was a failure of the Court to appoint a Chinese translator. In his third claim, Petitioner asserts that his deficiency in English deprived him Constitutional rights to counsel, to confrontation, to presentation of evidence in his own defense, to testify, and to due process of law. In his fourth ground of relief Petitioner asserts that failure to appoint a translator violated his constitutional right to testify in his defense. This Court has already found that Petitioner's language abilities did not impair his comprehension of the proceedings or his ability to communicate with his counsel. Order, United States v. Si, No. CR-99-20034JW, filed Aug. 4, 2003. The Ninth Circuit presumed these findings to be correct when Petitioner failed to raise any objections before this Court or the Ninth Circuit. United States v. Si, 343 F.3d 1116, 1122 (9th Cir. 2003). The Court is not persuaded that the translation related claims presented in this section 2255 petition require additional review given that these claims have been previously presented and rejected. Walter v. United States, 969 F.2d 814, 816 (9th Cir. 1992).

### B. Ineffective Assistance of Counsel

Petitioner asserts in his fifth and sixth grounds for relief that he was provided ineffective assistance of counsel. Ineffective assistance of counsel is a basis for bringing a motion under § 2255. Brown v. United States, 610 F.2d 672, 675 (9th Cir. 1980); United States v. Birges, 723 F.2d 666, 670 (9th Cir. 1984); United States v. Robinson, 967 F.2d 287, 290 (9th Cir. 1992). To prevail on an ineffective assistance of counsel claim, Petitioner must show that: (1) his attorney's performance was unreasonable under prevailing professional standards, Strickland v. Washington, 466 U.S. 668, 687-691 (1984); and (2) that there is "a reasonable probability that but for counsel's unprofessional errors,

the result would have been different." Id. at 694.

Petitioner contends numerous failures to make a variety of objections with respect to sentencing in his fifth ground for relief. Petitioner claims that counsel's decision to waive his right to an interpreter throughout the proceedings constituted ineffective assistance of counsel. In particular, Petitioner contends sentencing counsel's failure to review the presentencing report (PSR) with the assistance of a Cantonese interpreter constituted ineffective assistance of counsel. This Court has determined that Petitioner was not prejudiced by failure to review the PSR with a Cantonese interpreter and such findings have been upheld by the Ninth Circuit. United States v. Si, 343 F.3d 1116, 1122 (9th Cir. 2003). Petitioner's claim is not sufficiently different than those previously addressed, and therefore the Court finds Petitioner's fifth claim without merit. Walter v. United States, 969 F.2d 814 (9th Cir. 1992).

Petitioner contends in his sixth ground for relief that his sentencing counsel's failure to object to a sentencing enhancement constituted ineffective assistance of counsel. On direct review the Ninth Circuit held that any sentence enhancement theory was waived by Petitioner, United States v. Si, 343 F.3d 1116, 1122 (9th Cir. 2003). In considering whether counsel's failure to object to sentencing enhancement constituted a violation of Petitioner's 6th Amendment rights the Court is guided by the Ninth Circuit's review of the issue. Id. During the trial, Petitioner addressed the sentence entrapment theory in response to the Probation Office's report, but made a tactical decision to challenge the amount of intended loss by claiming he had merely tried to trick co-conspirators out of pre-robbery payments. Id. Petitioner's pursuit of an alternate theory does not constitute ineffective assistance of counsel as such a decision was not unreasonable (*see* Strickland), the jury simply didn't find the trickery theory as advanced by Si believable.

**C. Post-Booker Sentencing Not At Issue As Petitioner's Case Was Final**

In his first, second, and seventh grounds for relief Petitioner contests the sentence imposed by this Court as invalid as a result of the United States Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker 125 S. Ct. 738 (2005). Petitioner

asserts that the Court utilized a determinate sentencing scheme that increased his sentence based upon judicial fact finding, and that the Court applied the Guidelines in a mandatory fashion.

In Blakely, the Supreme Court held that a sentence increase based on facts not found by a jury violates the Sixth Amendment. The Ninth Circuit has held that Blakely does not apply retroactively to convictions that become final prior to its publication. Schardt v. Payne, 2005 U.S. App. LEXIS 13569 (9th Cir. 2005). The Ninth Circuit has also held that Blakley does not apply retroactively to cases on collateral review. Cook v. United States, 386 F.3d 949 (9th Cir. 2004). The Supreme Court's ruling in Blakely applies to cases that were not final as of June 24, 2004.

In Booker, the United States Supreme Court held that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved by a jury beyond a reasonable doubt." 125 S.Ct. at 756. The Supreme Court's ruling in Booker applies to cases that were not final as of January 12, 2005. The Supreme Court has held that procedural rules regarding decisionmaking authority like those handed down in Booker are not retroactive and are not subject to collateral review. Schiriro v. Summerlin 124 S. Ct 2519, 2523 (2004). The Court held, "[i]t does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart." Id, at 2526. The Ninth Circuit, citing Booker, 125 S. Ct at 769, has held that Booker applies to cases pending on direct appeal. United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005). In United States v. Cruz, 2005 U.S. App. LEXIS 19901 (9th Cir. Sept. 16, 2005), the Ninth Circuit held, "Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication."[3]

---

[3] Similarly, other circuits interpreting the decisions of Blakely and Booker have held that such decisions are not to be applied retroactively. See e.g. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Guzman v. United States, 2005 U.S. App. LEXIS 5700 (2nd Cir. 2005).

7

Petitioner Si's case became final on December 12, 2003, well before the publication of Blakely or Booker. Therefore neither Blakely nor Booker apply to Petitioner's sentencing.

### V. CONCLUSION

For the reasons stated above, Petitioner's motion is DENIED.

Dated: October 5, 2005            /s/James Ware
                                                 JAMES WARE
04cv3823.2255motion                   United States District Judge

04cv1363.2255motion

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

David R. Callaway david.callaway@usdoj.gov
Katherine Alfieri alfierilaw@yahoo.com

| | |
|---|---|
| **Dated: October 6, 2005** | **Richard W. Wieking, Clerk** |
| | **By:_/s/JW Chambers_____** |
| | **Ronald L. Davis** |
| | **Courtroom Deputy** |